SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
PANKIT J. DOSHI, Cal. Bar No. 231369
pdoshi@sheppardmullin.com
KYLE K. MATARRESE, Cal. Bar No. 271689
kmatarrese@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Defendant HELMERICH &
PAYNE INTERNATIONAL DRILLING CO.

R. Rex Parris, Esq.
Alexander R. Wheeler, Esq.
Kitty Szeto, Esq.
R. REX PARRIS LAW FIRM
43364 10th Street West
Lancaster, CA 93534
Tel:  (661) 949-2595
Fax:  (661) 949-7524

Douglas Han
JUSTICE LAW CORPORATION
410 Arden Avenue, Suite 206
Glendale, California 91203

Attorneys for Plaintiff
STEPHEN SADLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SADLER; individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>HELMERICH & PAYNE INTERNATIONAL DRILLING CO., an unknown business entity and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Case No. 1-13-cv-01267-LJO-JLT<br><br>(Removed from Kern Superior Court Case No. S1500CV279709)<br><br>**STIPULATION AND ORDER REMANDING CASE TO STATE COURT**<br><br>[Complaint Filed: June 25, 2013] |

TO THE UNITED STATES DISTRICT COURT AND ALL PARTIES IN INTEREST:

Plaintiff Stephen Sadler ("Plaintiff") and defendant Helmerich & Payne International Drilling, Co. ("Defendant") (collectively the "Parties") hereby request, stipulate and agree, through their respective counsel, as follows:

## **STIPULATION**

WHEREAS, on June 25, 2013, Plaintiff filed a Summons and Complaint against Defendant in the Superior Court of the State of California, County of Kern, Case No. S-1500-CV-279709 ("Lawsuit");

WHEREAS, on July 12, 2013, Defendant was first served with the Summons and Complaint in the Lawsuit;

WHEREAS, Plaintiff alleged one cause of action in the Lawsuit for civil penalties and lost wages under California's Private Attorney General Act ("PAGA"). The Complaint also alleged the following underlying California Labor Code violations as part of the PAGA cause of action: (1) Failure to Pay Overtime; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Minimum Wages; (5) Failure to Timely Pay Wages Upon Termination, (6) Failure to Timely Pay Wages During Employment; (7) Failure to Provide Complete and Accurate Wage Statements; (8) Failure to Keep Complete and Accurate Payroll Records; and (9) Failure to Reimburse Necessary Business-Related Expenses and Costs;

WHEREAS, on August 12, 2013, Defendant filed a Notice of Removal of Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(c) with the United States District Court for the Eastern District of California;

WHEREAS, at the time of removal, Defendant alleged that there was complete diversity between the parties, where Plaintiff was a citizen of the State of California and Defendant was a citizen of the States of Oklahoma and Delaware;

WHEREAS, at the time of removal, Defendant also alleged pursuant to *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. June 2, 2011) and *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 U.S. Dist. LEXIS 81128, at *23-27 (E.D. Cal. July 14, 2010) that removal was proper because the total aggregate

1  PAGA penalties exceeded the $75,000 amount-in-controversy requirement pursuant to 28 U.S.C. §
2  1332(a) ;

3      WHEREAS, since the time of the removal, the Ninth Circuit issued its opinion in *Urbino v.*
4  *Orkin Services of California, Inc.*, Case No. No. 11-56944 (9th Cir. Aug. 13, 2013), holding that
5  PAGA penalties could not be aggregated to meet the amount-in-controversy requirement, and
6  therefore, there was no federal diversity jurisdiction;

7      WHEREAS, because of the significant change in law, Plaintiff has requested, and
8  Defendant has agreed, to remand the case to state court because there is insufficient information to
9  conclude for purposes of removal that the damages will exceed the $75,000 amount-in-controversy;

10      WHEREAS, there is no other basis for federal subject matter jurisdiction over this PAGA
11  representative action that the Parties are presently aware of; and

12      WHEREAS, each Party will waive their right to seek recovery of attorneys' fees and costs
13  as it relates to the removal and remand.

14      THEREFORE, the Parties stipulate as follows:

15      1.    Although Defendant had an objectively reasonable basis for concluding Plaintiff's
16  Lawsuit sought damages in excess of $75,000.00 at the time of the removal and for removing this
17  matter to the District Court, the requirements of 28 U.S.C. § 1332(a) are no longer met because of
18  the change in law;

19      2.    This matter will be remanded back to state court.

20  **IT IS SO STIPULATED.**

22  DATED: September 6, 2013

23                                        R. REX PARRIS LAW FIRM

25                    By    */s/ R. Rex Parris*
26                                         R. REX PARRIS
27                                         KITTY SZETO
                                       Attorneys for Plaintiff
28                                         STEPHEN SADLER

DATED: September 6, 2013

JUSTICE LAW CORPORATION

By  */s/ Douglas Han*
DOUGLAS HAN
Attorneys for Plaintiff
STEPHEN SADLER

DATED: September 6, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Pankit Doshi*
ELLEN M. BRONCHETTI
PANKIT J. DOSHI
KYLE MATARRESE
Attorneys for Defendant HELMERICH & PAYNE INTERNATIONAL DRILLING, CO.

# **ORDER**

IT IS SO ORDERED. The clerk is directed to take necessary action to remand this action to the Kern County Superior Court.

IT IS SO ORDERED.

Dated:  **September 6, 2013**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE